**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

PHILIP LEDINGTON, INC.,

                Plaintiff,

-vs-                                     Case No.  2:06-cv-208-FtM-29SPC

ASSURANCE COMPANY OF AMERICA,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

_____This matter comes before the Court on the Plaintiff's Motion for Attorneys' Fees and Costs (Doc. #60) filed on June 19, 2007.  The Plaintiff moves this Court for an award of costs and attorneys' fees, Pursuant to Rule 54 of the Federal Rules of Civil Procedure and section 627.428 of the Florida Statutes.[1]  The Defendants filed their Response in Opposition to Philip Ledington, Inc.'s Motion for Attorneys' Fees on July 17, 2007.  On August 14, 2007, this matter was referred to the Honorable Sheri Polster Chappell for a Report and Recommendation.  The matter is now ripe for review.

      The Plaintiff commenced this action in February of 2006 by filing a complaint for breach of contract against the Plaintiff's insurer.  The matter was removed to this Court on April 21, 2006, and was settled by the parties on May 21, 2007.  The only issue left unresolved was that of attorneys' fees. The Defendants are asking that, at a minimum, the attorneys' fees and costs be reduced claiming this case did not involve extensive motion practice or discovery, the filings were limited, the case did

---

[1]The Plaintiff is moving for attorneys' fees in the amount of $87,694.55 and costs in the amount of $928.45.

not involve any novel issues of law or complex factual information, and the case ended in settlement. The Defendants argue the fees sought are excessive in both hourly rate and amount of time expended, including duplication of efforts, the Plaintiff has not made the proper showing to entitle it to a multiplier, and the facts of this case do not warrant application of a multiplier. Finally, they argue, the Plaintiff is seeking costs which are not recoverable under 28 U.S.C. § 1920.

## *Attorneys' Fees*

Federal Rule of Civil Procedure 54(d)(1) states in pertinent part, "Except where express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Similarly, Florida law provides as follows:

> "Upon rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured... the trial court... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum of fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."

Fla. Stat. § 627.428(1).

On May 21, 2007, the Defendant agreed, pursuant to a mediated settlement agreement to pay $325,000.00 to secure a dismissal with prejudice. There is no dispute the Plaintiff is the prevailing party in this case.

A fee claim pursuant to state law in a federal diversity action requires application of state substantive law to the fee dispute. Trans Coastal Roofing Co. v. David Boland, Inc., 309 F. 3d 758, 760 (11th Cir. 2002). State, rather than federal law governs the application for attorney's fees in the context of insurance contract dispute. Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd., 254 F.3d 987 (11th Cir. 2001). Florida has adopted the federal Lodestar approach to

-2-

determining a reasonable fee award.  Bell v. U.S.B. Acquisition Co., Inc., 734 So. 2d 403, 406 (Fla. 1999); Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985).

Under the Lodestar method, the court must first determine the number of hours reasonably expended in the litigation, and second, determine a reasonable hourly rate for the services of the prevailing party's attorney.  Id.  The number of hours determined in the first step is multiplied by the hourly rate determined in the second step in order to calculate the lodestar, which is an objective basis for the award of fees.  Id. at 1151.

Additionally, the following factors should be considered in determining reasonable attorney's fees under Florida law:

> (1) the time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.  Id. at 1150.

Further, in Florida, an award of attorneys' fees shall include compensation for nonclerical work performed by paralegals and legal assistants.  The right to these fees is established in Florida Statute § 57.104 which states:

> In any action in which attorneys' fees are to be determined or awarded by the court, the court shall consider, among other things, time and labor of any legal assistants who contribute nonclerical, meaningful legal support to the matter involved and who are working under the supervision of an attorney.  For the purpose of this section," legal assistant" means a person, who under the supervision and direction of a licensed attorney engages in legal research, and case development or planning in relation to modifications or initial proceedings, services, processes, or applications; or who prepares or interprets legal documents or selects, compiles and uses technical information from references such as digests, encyclopedias, or practice manuals and analyzes and follows procedural problems that involve independent decisions.

The attorneys' fees that Plaintiff is requesting are summarized as follows:

| Person Performing Work[2] | Credentials/ Occupation[3] | Hours Claimed | Requested Hourly Rate | Fee |
|---|---|---|---|---|
| DMS | Managing Partner, Attorney, 29 years, Board Certified in Civil Trials and Business Litigation | 48.1 | $550.00 | $26,455.00 |
| BGC | Attorney, <3 years | 158.1 | $225.00 | $35,572.50 |
| CHH | Attorney, 16 years | 7.1 | $350.00 | $2,485.00 |
| KEL | Attorney, 4 years | .6 | $200.00 | $120.00 |
| KLH | Legal Assistant, 11 years | 140.8 | $100.00 | $14,080.00 |
| MF | Legal Assistant, 7 years | 82.1 | $60.00 | $4,926.05 |
| CLM | Legal Assistant, < 1 year | 29.2 | $60.00 | $1,752.00 |
| ARS | Legal Assistant, 1 year | 30.7 | $60.00 | $1,842.00 |
| KAA | Legal Assistant, < 3 years | 4.6 | $60.00 | $276.00 |
| AEF | Legal Assistant, < 3 years | 3.1 | $60.00 | $186.00 |

---

[2]The Persons performing the work were Dale Swope (DMS), Brandon Cathey (BGC), Celene Humphries (CHH), Kathryn Lee (KEL), Kimberly Loggins-Harkness (KLH), Marisol Figueroa (MF), Crystal Middlebrook (CLM), Allison Stevenson (ARS), Kim Albanese (KAA), and Amy Fender (AEF).

[3]The Court determined the Occupation and Credentials of the individuals named in the attorneys' fees section based upon the Affidavit of Dale Swope in Support of Plaintiff, Philip Ledington, Inc.'s Motion For Attorneys' Fees (Doc. #60, p. 11 - 18).

### *A. Reasonable Hourly Rate*

The burden is on the moving party to establish the prevailing market rate which is determined by considering the rate charged in the community by lawyers of reasonably comparable skill, experience, and reputation for similar services.  Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

To substantiate the reasonableness of the rate, the Plaintiff called Robert Austin, Esquire who is a practicing attorney and a member of The Florida Bar whose practice includes cases of this nature. (Doc. #60).  Attorney Austin's Affidavit (Doc. #60, Ex. B, pp. 19-23) reflects that he is familiar with the hourly rates prevailing in Florida for attorneys practicing in the area of insurance coverage litigation, is knowledgeable of the prevailing market rates based upon the rates that he and other attorneys have charged and collected, and the rates utilized by courts to calculate attorney fees.

After reviewing the experience level and qualifications of the attorneys who represented the Plaintiff in this action, Attorney Austin opined  the prevailing rates in the relevant market per hour would be: DMS - $450 - $550, CHH - $300 - $350, KEL and BGC - $150 - $225.  Additionally, he articulated that based upon his personal familiarity with the prevailing rates of paralegals and legal assistants in the Tampa Bay area of Florida, it is his opinion that $100 per hour is a fair market rate for a paralegal or legal assistant with approximately ten years experience and that $60 per hour is a fair market rate for a legal assistant with zero to three years of experience. (Doc. #60, Ex. B, p. 22).

The Defendant does not dispute the hourly rate for paralegals and legal assistants but does argue the rates charged by counsel for the Plaintiffs are excessive in light of community standards. The Defendant submitted the affidavit of Mark A. Boyle, Sr., Esq. who is a member of The Florida

Bar and practices in the area of civil litigation in Fort Myers, Florida.[4] (Doc. # 64-2). Attorney Boyle asserts he is familiar with the attorney's fees charged in Lee County, Fort Myers, Florida for cases such as this.[5] The majority of the cases in which he has testified as an expert involved evaluation of attorney's fees pursuant to Fla. Stat. § 627.428, under Florida's Lodestar methodology for the award of attorney's fees. (Doc. # 64-2).

After a review of this case, it was Attorney Boyle's opinion that the highest rates paid for experienced coverage counsel handling commercial insurance disputes in Lee County, Florida is between $300.00 and $350.00 per hour, and that associates with 1 to3 years of experience are generally compensated at between $150.00 and $200.00 per hour for their services in such matters. In his opinion, therefore, attorneys DMS and CHH would be entitled to between $300.00 and $350.00 per hour and that attorneys KEL and BGC would be entitled to an award of between $150.00 and $200.00 per hour. He asserts that $100.00 per hour is a fair market rate for a paralegal or legal assistant with approximately 10 years of experience and that a $60.00 market rate is appropriate for a legal assistant with zero to 3 years experience.

The Court finds based upon a review of the record and the expert opinions that the rate being requested by the Plaintiff for the work performed by their paralegals and legal assistants performing nonclerical, meaningful legal support is reasonable. The Court recommends that KLM should receive

---

[4]Attorney Boyle points out that he previously worked for Pasco County and that part of his duties included the review and audit of attorney's fee bills. Further, in his role as associate general counsel for Armor Insurance Company, part of his duties included the review of the billing of defense lawyers hired to represent the company. (Doc. #64-2).

[5]He has been retained as an expert regarding attorneys' fees over 100 times, and has testified over 30 times as an attorney fee expert in court cases in Florida. Specifically in Lee County, he has been hired as an expert over 50 times and has testified over one dozen times regarding attorneys' fee matters.

a reasonable rate of $100.00 per hour, and that MF, CLM, ARS, KAA, and AEF should receive a reasonable rate of $60.00 per hour.

Regarding the reasonable hourly rate for the attorneys in this case, the Court is persuaded by the Affidavit of Attorney Boyle and his expert opinions as to the rate being paid attorneys with similar training, experience, and education in the Fort Myers, Lee County area of Florida. The Court further agrees with Attorney Boyle and Attorney Austin that a reasonable hourly rate for attorneys KEL and BGC would be $200.00 and a reasonable rate for attorney CHH would be $300.00. In analyzing the reasonable rate for attorney DMS, the Court finds Attorney Boyle's affidavit more persuasive and finds that the rate for a Fort Myers, Lee County attorney performing the same services would be $350.00.

### B.  Reasonable Hours

A review of the docket sheet in this case reveals that a Complaint was filed on April 21, 2006, a Case Management Report was completed and filed on May 26, 2006, and a revised report on February 8, 2007. On March 5, 2007, the Complaint was Amended to correct a scrivener's error. On May 21, 2007, the Plaintiff responded to a Motion to Dismiss or in the Alternative Motion to File Third-Party Complaint. As a result of a mediation conference, the case was settled and a stipulated Settlement Agreement was entered on June 4, 2007. This Motion for Attorneys' Fees followed shortly thereafter on June 19, 2007. There were no substantive filings submitted by the Plaintiff as evidenced by the docket sheet.

This Court has thoroughly reviewed the Plaintiff, Philip Ledington, Inc.'s Motion for Costs and Attorneys' Fees and Memorandum of Law (Doc. #60).[6]  Based upon its review, this Court finds the number of hours expended on this case by the respective attorneys and legal assistants unreasonably high.  This Court is recommending the number of hours be reduced based upon multiple attorneys and legal assistants meeting and conferring on the same issue resulting in redundant legal fees for the same matter, attorneys and/or legal assistants performing secretarial functions, and excessive times claimed for tasks performed.

In regard to the issue of excessive times and redundancy, for example, the Court finds it incredible that it took seasoned attorneys 20.4 hours to discuss, prepare for, and write a four page, twenty-five paragraph, two count Complaint.[7]  The Plaintiff further claims a total of 5.8 hours to discuss, prepare and file the Amended Complaint due to a scriveners error. The extent of the amendment to the Complaint was outlined in Plaintiff's Motion for Leave to Amend Complaint to Correct Scrivener's Error (Doc. # 35) which seeks permission to change the language of the Complaint to read: "The Policy, a contract of insurance described in Paragraph **5** above..." to "The Policy, a contract of insurance described in Paragraph **4** above..." (Emphasis added).  Clearly, the Plaintiff should not have had to expend 20.4 hours to prepare the original Complaint, and certainly should not have had to expend 5.8 hours to correct what amounts to a clerical error internal to the Complaint itself.  Based upon these two examples alone, it is clear the number of hours billed are excessive. The

---

[6]There are one hundred and twenty-three (123)pages of accountings documenting the attorneys' fees in this case.

[7]The Plaintiff claims 17.5 hours for BGC, 1.3 hours for KLH, .3 hours for KEL, and 1.3 hours for DMS. (Doc. #60, pp. 82-83).

Court is persuaded by the Affidavit of Attorney Boyle when examining the number of hours which would be reasonable given the facts and circumstances of this case.[8]

In regard to the issue of pre- and post- suit litigation attorneys fees, the Court finds the Plaintiff's pre-suit hours to be unwarranted.  The Plaintiff suggests that it took almost twenty-seven (27) hours for counsel to determine the corporate status of their own client.  Additionally, the Plaintiff seeks 1.3 hours for conferences relating to its motion for attorney's fees and costs. Under Fla. Stat. § 627.428 attorney's fees are not allowed for time spent litigating the amount of attorney's fees. State Farm & Casualty Co. v. Palma, 629 So. 2d 830, 833 (11th Cir. 1993).  Thus, the Plaintiff's demand for pre- and post- suit attorney's fees should be denied.

Therefore, based upon the record the Court would recommend the following reduction in hours:

| Person Performing Work | Hours Claimed | Hours Awarded | Hourly Rate | Reasonable Fee |
|---|---|---|---|---|
| DMS | 48.1 | 38.9 | $350.00 | $13,615.00 |
| BGC | 158.1 | 86.8 | $200.00 | $17,360.00 |
| CHH | 7.1 | 7.1 | $300.00 | $2130.00 |
| KEL | .6 | .6 | $200.00 | $120.00 |
| KLH | 140.8 | 75.4 | $100.00 | $7540.00 |
| MF | 82.1 | 61.0 | $60.00 | $3660.00 |
| CLM | 29.2 | 20.4 | $60.00 | $1224.00 |
| ARS | 30.7 | 15.1 | $60.00 | $906.00 |

[8]Attorney Boyle, in his expert opinion, recommends the following hours to be reasonable: DMS - 41.5, BGC - 96, CHH - 7.1, KEL - .6, KLH - 87.0, MF - 61.0, CLM - 21.0, ARS - 18.6, KAA - 4.6, and AEF - 3.1.

| | | | | |
|---|---|---|---|---|
| KAA | 4.6 | 3.9 | $60.00 | $234.00 |
| AEF | 3.1 | 2.6 | $60.00 | $156.00 |
| **TOTAL** | | | | **$46,945.00** |

### *Whether the Plaintiff is Entitled to a Multiplier*

After the loadstar is determined, it is multiplied by a contingency fee multiplier if evidence of the following factors is presented in justification of the utilization of a multiplier: (1) Whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) Whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) Whether any of the factors set forth in Rowe (472 So. 2d at 1150) are applicable, especially the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client. Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990). Florida courts follow a modified version of the federal multiplier approach in contingency fee cases like the one at issue here. Id. at 833.

Florida provides for a multiplier of 1 to 1.5 if the trial court finds success was more likely than not at the outset of the case, a multiplier of 1.5 to 2.0 if the likelihood of success was approximately even, and a multiplier of 2.0 to 2.5 if the court determines success was unlikely at the outset. Id. at 831. The Court cautioned "before adjusting for risk assumption, there should be evidence in the record, and the trial court should find, that without risk-enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." Sun Bank of Ocala v. Ford, 564 So.2d 1078, 1079-1080 (Fla. 1990).

The Plaintiff states a contingency multiplier of 2.5 is reasonable under the circumstances of this case. The Defendant argues no contingency fee multiplier should be allowed by this Court. The Plaintiff contends there was "significant risk in agreeing to represent Philip Ledington, Inc. in this

matter.  The case by Philip Ledington, Inc., against Assurance Company of America was unlikely to succeed at the outset, and because Philip Ledington, Inc., had lost all of its assets, and its sole shareholder and director, Philip Ledington, had declared Bankruptcy, there was no way to mitigate the risk of nonpayment." (Doc. #60, p. 18).

The Court, on the other hand, agrees with the opinion of the Defendant's expert in this case who believes the Plaintiff was quite likely to prevail on the issue in this case.  The Court further finds this case did not involve significant substantive filings from the Plaintiff, nor did it involve extensive discovery or other pre-trial work.  In fact, the parties reached an agreement at mediation resolving all issues aside from fees and costs.  There were no complex legal issues involved, and it does not appear that any exceptional skill was required.  It does not appear that any unusual time limitations were imposed as opposed to other cases pending at present in the Middle District of Florida.  There was no evidence presented that this case precluded other employment by the attorneys.  The Court does not find the Plaintiff has made the requisite showing to support the application of a multiplier and would respectfully recommend that none by granted.

The Court recommends the Plaintiff be awarded attorneys fees in the amount of $46,945.00 as reasonable under the facts and circumstances of this case.

*Costs*

Determining whether a party is entitled to an award of costs under Rule 54(d) are the same for determining whether a prevailing party is receiving fees under 42 U.S.C. § 2000e-5(k).  Stewart v. Town of Zolfo Springs, 1998 WL 776848 *2 (M.D. Fla. September 16, 1998) (citing Henley v. Eckert, 461 U.S. 424, 433 n. 7, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).  The recovery under Rule 54(d) is however, limited to the specific costs allowed under 28 U.S.C. § 1920.  Stewart, 1998 WL

776848 *2.  These are known as recoverable statutory costs.  Id.  Any expenses beyond recoverable statutory costs or the fees awarded to compensate for an attorney's time should be pursued under 42 U.S.C. § 2000e-5(k).  Id.  Such expenses are known as non-statutory and are subsumed within the concept of a reasonable attorney's fees. Id. (citing Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988).

Twenty eight U.S.C. § 1920 reads in pertinent part:

> [a] judge or clerk of any court of the Untied States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment decree.

The Plaintiff is seeking to recover costs in the amount of $928.45.  A review of the costs sought by the Plaintiff evidences the Plaintiff is seeking to recover costs that are not enumerated in § 1920. Therefore, the Court will reduce the amount being sought for costs for: (1) certificate of status for Phil Ledington, Inc., for $8.75 (Doc. #60 p. 26-27); (2)  telephone charges in the amount of $410.00 (Doc. #60, p. 58); and (3) calculation error on invoice SRPA 484 of $.30.  (Doc. #60, p. 40) for a total reduction of $419.05.   The total amount of costs, therefore, is $509.40.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff's Motion for Attorney Fees and Costs (Doc. #60) is **GRANTED**.  The Plaintiff should receive $46,945.00 in attorneys fees and $509.40 in costs for a total award of costs and attorneys' fees for legal representation in this matter in the amount of  **$47,454.40.**

**Failure to file written objections to the proposed findings and recommendations contained  in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**RESPECTFULLY RECOMMENDED** at Fort Myers, Florida, this _____31st_____ day of August, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record